DONALD J. ANGELINI, Plaintiff-Appellant, *v.* JOHN F. BOLTON, JR., Defendant-Appellee.

(No. 70-78;

Second District—January 19, 1971.

Anna R. Lavin and Edward J. Calihan, Jr., both of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, (Donald S. Carnow, Assistant Attorney General, of counsel,) for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

This is an appeal from an administrative review proceeding. The trial court affirmed an order of revocation entered by the defendant against the plaintiff concerning his licenses to conduct an insurance business.

In 1964 the plaintiff was found guilty in federal court of the offense of "engaging in the business of accepting wagers and failure to pay tax thereon in violation of Section 7203, Title 26, United States Code * * *." On appeal the U.S. Supreme Court denied *certiorari*. See, 382 U.S. 838, 15 L.Ed.2d 80, 86 S.Ct. 86 (1965).

In 1967, the defendant instituted proceedings under the Illinois Insurance Code to revoke licenses issued to the plaintiff. At the hearings, the defendant introduced evidence which showed that two insurance broker's licenses were issued to the plaintiff, one, to the plaintiff as an individual and the other, to a corporation of which the plaintiff was an officer. The only evidence introduced to establish a violation of the Insurance Code was an exemplified copy of the conviction set out above. No facts upon which the conviction was based were before the defendant. On April 25, 1968, the defendant ordered the revocation of all licenses issued to the plaintiff and in addition thereto, imposed a fine of $1,000.

The plaintiff commenced an administrative review proceedings and, after hearing arguments, the trial court affirmed the defendant's revocation but vacated that portion of the order imposing a fine. It is from that portion of the order wherein the revocation of plaintiff's licenses was affirmed that this review is taken.

On November 5, 1970, at the commencement of oral argument herein, the plaintiff presented to this court a verified motion to remove the case from the call and the defendant filed objections thereto. The motion, along with the basic points on appeal, was argued and the total matter was taken under advisement.

The motion states that the plaintiff, on February 6, 1970 (during the pendency of this appeal) filed a petition in the nature of a Writ of Error *Coram Nobis* in the federal court to vacate the prior conviction; that the United States of America, as defendant therein, moved to dismiss the petition; that on October 16, 1970, the motion was denied and the government was ordered to answer; and that in the event that the plaintiff herein is successful in vacating the judgment against him, then the prior conviction would no longer be a basis for the judgment appealed hereunder. The motion prays that the appeal be removed from our present calendar pending disposition of the federal proceedings.

In support of his motion the plaintiff argues that his constitutional privilege against self-incrimination was violated in the former conviction in light of *Marchetti v. U.S.* (1968), 390 U.S. 39, 19 L.Ed.2d 889, 88 S.Ct. 697 and *Grosso v. U.S.* (1968), 390 U.S. 62, 19 L.Ed.2d 906, 88 S.Ct. 709.

The defendant in his written objections to the motion, argues that issues involved in the federal proceedings are collateral; that the facts underlying the federal conviction were uncontroverted and would not be subject to a motion to suppress; that the facts were that the plaintiff was running a gambling operation; and that the proof of fact and the plaintiff's constitutional right are disconnected.

The difficulty in defendant's position is that facts underlying the conviction of the plaintiff, referred to in his argument, do not appear anywhere in the record. The only evidence of wrong-doing on the part of the plaintiff, introduced at the hearing before the defendant, was the conclusion found in the exemplified copy of the federal court's judgment of conviction.

While it is true that the *Marchetti-Grosso* cases were decided after the plaintiff's *certiorari* was denied by the U.S. Supreme Court, still these cases are to be applied retroactively. See, *Zizzo v. U.S.,* (F.2d), 7th C.C.A., No. 18168—decided Sept. 9, 1970.

The Federal District Court, in its memorandum of decision denying the motion to dismiss plaintiff's petition, answered one of the contentions as follows:

"The third aspect of defendant's motion to dismiss relates to plaintiff's contention that because of his criminal conviction he has suffered certain civil disabilities such as having revoked his state license to conduct insurance business. Whether such a revocation would be possible regardless of the challenged conviction is beside the essential point that plaintiff is entitled to have an improper judgment vacated. Now, the Government contends that the mere existence of a *Marchetti-Grosso* defense would not alter the 'proven facts' in the criminal

action, implying that the Illinois Director of Insurance could still rely on those 'proven facts' to deny plaintiff his license to conduct insurance business. However, the evidence necessary to prove some of these 'facts' would, under *Marchetti-Grosso*, be subject to a motion to suppress, possibly rendering them unprovable. Plaintiff may or may not be entitled to an insurance brokerage license in Illinois, but that determination cannot be made using evidence obtained in violation of his Constitutional rights. See *Hanon v. United States*, 6 Cr.L.Rep. 2271 (8th Cir., Jan. 7, 1970)."

Under the circumstances of this case in its present posture, we are of the opinion that the ends of justice will be best served by remanding this cause to the trial court in order that additional evidence may be submitted concerning the final disposition of the pending federal proceedings.

We conclude that this appeal is premature. Therefore, the judgment of the trial court is vacated and the cause remanded.

Judgment vacated and cause remanded with directions.

ABRAHAMSON and SEIDENFELD, JJ., concur.